UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ANTONIA ROMAN,

                      Plaintiff,

          -against-

GRETCHEN P. CAMPBELL,

                      Defendants.
-------------------------------------------------------------------X

Case No. 07 CIV 8055

JUDGE BRIEANT

COMPLAINT AND
DEMAND FOR
JURY TRIAL

       Plaintiff, by her attorneys, VLOCK & ASSOCIATES, P.C., complains against the Defendant as follows:

## THE PARTIES

1.     Plaintiff ANTONIA ROMAN is an individual residing at 20 Kelley Street, Providence, Rhode Island 12909.

2.     Upon information and belief, Defendant GRETCHEN P. CAMPBELL is an individual residing at 3 Springsteen Court, Stony Point, New York 10980.

## JURISDICTION AND VENUE

3.     Jurisdiction over the subject matter of this action is properly in this Court pursuant to 28 U.S.C. § 1332, based upon diversity of citizenship of the parties. The amount in controversy herein exceeds the sum of $75,000.00.

4. Venue is pursuant to 28 U.S.C. §1391, as the cause of action arose in the Southern District of New York.

## CAUSE OF ACTION

5. At all times relevant to this action, Plaintiff ANTONIA ROMAN was a passenger of the rear, right seat of a motor vehicle operated by Maria Nelson.

6. At all times relevant to this action, Defendant GRETCHEN P. CAMPBELL, was the registered owner and operator of a 2005 Nissan bearing New York license plate GRETCH22.

7. At all times relevant to this action, Route 59 West and the Route 304 Northbound off-ramp, in the County of Rockland, State of New York, were and are public thoroughfares.

8. On or about July 14, 2006, at approximately 12:51 p.m., on Route 59 West at or near its intersection with the Route 304 Northbound off-ramp, in the County of Rockland, New York, Defendant GRETCHEN P. CAMPBELL negligently operated the said 2005 Nissan, causing said vehicle to strike the vehicle in which Plaintiff ANTONIA ROMAN was a passenger.

9. As a result of the aforesaid collision, Plaintiff ANTONIA ROMAN was seriously injured.

10. The aforesaid occurrence was caused wholly and solely by reason of the negligence of the Defendant, without any fault or negligence on the part of the Plaintiff or any third party contributing thereto.

11. Defendant was negligent, careless and reckless in the ownership, operation, management, maintenance, repair, inspection and control of the aforesaid motor vehicle, in that, among other things, she failed to have and keep said vehicle under proper and reasonable control or under such control that she could stop same in time to avoid the subject accident so as not to endanger the life, limb, property or safety of others using the subject roadway; in failing to observe plaintiff; in failing to maintain a proper look-out while operating said vehicle on public roadways, more specifically, at the aforementioned location; in failing to have and keep said vehicle under proper and reasonable control, or under such control that the Defendant could stop same in time to avoid the said accident so as not to endanger the life, limb, property or safety of other persons using the public roadways at the aforesaid location, particularly this Plaintiff; and in failing to exercise reasonable care, diligence and prudence under the circumstances then and there prevailing; in operating said motor vehicle in a careless and negligent manner to as to lose control of the same and strike the plaintiff; in operating the said vehicle at an excessive, unlawful and dangerous rate of speed; in failing to be vigilant, to keep a careful look out for other vehicles on the public roadways; in failing to see what there was to be seen; in failing to slow down, apply the brakes, or to stop the motor vehicle with reasonable care and diligence; in failing to give proper and/or adequate signals and/or timely warning to alert other persons using the roadway of any foreseeable danger; in failing to properly sound the horn so as to warn other persons using the said roadways at the time and place of the occurrence of any impending danger; in failing to obey the rules of the road; in failing to adhere to and obey the traffic signals and street signs at the time and place of the occurrence; in

operating the said motor vehicle in violation of local rules, statutes and ordinances, then and there prevailing; in failing to take reasonable steps and precautions to avoid striking the vehicle in which plaintiff was a passenger in; in failing to properly and adequately apply the braking appliance in an effective and safe manner; in striking the Plaintiff; in failing to avoid striking the Plaintiff; in failing to maintain a safe, proper and reasonable distance between her motor vehicle and vehicle in which Plaintiff was a passenger in; and that the Defendant was otherwise negligent, careless and reckless under the circumstances then and there prevailing.

12. This action falls within one or more of the exceptions set forth in CPLR § 1602.

13. Plaintiff sustained a serious injury as defined by Section 5102(d) of the Insurance Law and economic loss greater than basic economic loss as defined by Section 5102(a) of the Insurance Law, and is therefore qualified to bring this action.

14. Solely by the reason of the aforesaid, Plaintiff sustained injuries, including but not limited to rib fracture(s), as well as other serious injuries to and about her head, limbs, torso, spine and body.

15. Solely by reason of the aforesaid, Plaintiff became sick, sore, lame and disabled, suffered, still suffers and will continue to suffer for sometime to come, great mental and physical pain, mental anguish and bodily injuries; that the Plaintiff has been informed and verily believes that the future pain and suffering will exist and will be permanent with permanent pain, discomfort, inconvenience and other symptoms, signs and effects.

16. Solely by reason of the aforesaid, Plaintiff was obliged to undergo extensive medical care and treatment and will be obliged to undergo further medical care and treatment for sometime to come.

17. Solely by the reason of the aforesaid, Plaintiff was unable attend to Plaintiff's usual duties for sometime, upon information and belief, Plaintiff will be unable to do so or be limited from doing so permanently or for some significant time in the future.

## DEMAND FOR RELIEF

Plaintiff demands judgment against Defendants as follows:

a. In the sum of ONE MILLION DOLLARS ($1,000,000.00); and

b. For such other and further relief as the Court deems just and proper under the circumstances, together with interest, and the costs and disbursements of this action.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
September 13, 2007

VLOCK & ASSOCIATES, P.C.
Attorneys for Plaintiff
230 Park Avenue
New York, New York 10169
(212) 557-0020

By: /s/
Steven Giordano (SG 8328)

1261.00000