UNITED STATES DISTRICT COURT                Case No. 07 CV 8055
SOUTHERN DISTRICT OF NEW YORK               (CLB)(GAY)
----------------------------------------------------------------------X
ANTONIA ROMAN,

                                Plaintiff,       **REPLY AFFIRMATION IN**
                                             **SUPPORT OF DEFAULT**
              -against-                 **JUDGMENT**

GRETCHEN P. CAMPBELL,

                                Defendants.
----------------------------------------------------------------------X

       STEVEN GIORDANO, an attorney duly admitted to practice before this Court, under the

penalties of perjury affirms the truth of the following:

       1.      I am an associate with the firm of VLOCK & ASSOCIATES, P.C., attorneys for

Plaintiff in the above-referenced action.

       2.      I am fully familiar with the facts and circumstances stated herein.

       3.      I make this reply affirmation in further support of Plaintiff's application for a Default

Judgment.

       4.      Admittedly, without good reason, Defendant is in default, having failed to timely serve

and file an Answer until long after her time to answer the Complaint had expired.[1]  For the following

reasons, a default Judgment should be entered against Defendant, on the issue of liability in the very

---

[1]To make the record clear, it should be noted that the Answer was not filed until
November 16, 2007, over a month after her time to answer or appear had expired.  The said
Answer, however, is curiously dated October 30, 2007, which is still approximately two weeks
late.

1

least, because Defendant has failed to submit any evidence from anyone with personal knowledge to demonstrate a meritorious defense in this matter, failed to give a reasonable excuse for her delay in answering and because of the prejudice suffered by Plaintiff.

### DEFENDANT FAILED TO SUBMIT ANY EVIDENCE OF A MERITORIOUS DEFENSE, SO THE DEFAULT JUDGMENT MUST BE ENTERED

5.     Courts have a vested interest in expediting litigation, so defaults are not lightly cast aside.  Generally, to set aside a default or to vacate a default judgment the Court must consider whether the defaulting party has a meritorious defense, whether or not there was a reasonable excuse for the default and how the plaintiff will be prejudiced by setting aside the default. *S.E.C. v. McNulty*, 137 F3d 732 (2d Cir. 1998).

6.     In order to make a sufficient showing of a meritorious defense, the defendant does not need to establish her defense conclusively.  However, a defaulting defendant must present evidence of facts that, if proven at trial, would constitute a complete defense. *S.E.C. v. McNulty*, *Supra*.

7.     Furthermore, the defendant who is in default must make a full showing of the existence of the meritorious defense, more than mere allegations, legal conclusions, general denials or simple assertions that the movant has a meritorious defense.  *National Union Fire Ins. Co., P.A. v. Allard*, 1989 U.S. Dist. LEXIS 6841 (D.N.Y. 1989).

8.     In the instant matter, Defendant has failed to present any evidence of facts, failed to submit an affidavit from anyone with personal knowledge and only submitted an attorney's affirmation, which is deficient.  It is respectfully submitted that a default judgment is warranted in

the instant matter because Defendant has failed to satisfy her burden to demonstrate a meritorious defense because she lacks one entirely.

9.    The Complaint sets forth that Defendant Gretchen P. Campbell negligently operated her vehicle, causing the said vehicle to strike the vehicle in which Plaintiff Antonia Roman was a passenger, and as a result of the aforesaid collision, Plaintiff was seriously injured.  However, Defendant has failed to submit any evidence of facts which would demonstrate a defense to her liability in crashing into the car within which Plaintiff was a passenger.  In fact, defendant fails to submit any evidence or statement from anyone with personal knowledge of the facts to demonstrate that she has a defense against any of the allegations contained in the Complaint.

10.    Rather than submit any evidence of the meritorious defense, counsel for Defendant, without any personal knowledge of the facts, submits the police accident report dated July 14, 2006, which is annexed to the affirmation of defense counsel as Exhibit "A."

11.    In an attempt at showing a meritorious defense, by presenting the police accident report, defense counsel merely speculates that Defendant was not the only person liable for the accident and concludes that possibly the driver of the vehicle that Plaintiff was a passenger in, Rosemary Beals, was also negligent without setting forth any facts about the accident itself because clearly he lacks any personal knowledge.  There is no affidavit from anyone with personal knowledge of the accident because Defendant lacks a meritorious defense.

12.    Even though it does not constitute evidence of facts, the police accident report clearly demonstrates that Defendant failed to yield and struck the passenger side of the vehicle which Plaintiff was a passenger in.  Thus, the only thing submitted by Defendant, although insufficient, actually demonstrates that Defendant is, in fact, completely liable for the accident.

13.    It was Defendant's burden to set forth evidence of facts of her alleged meritorious defense, which she fails to do.  Defense counsel's speculation that, aside from the liability of

3

Defendant, that the driver of the vehicle which Plaintiff was a passenger in "may bear some responsibility for the accident" and may need to be added to this action (paragraph 15 of defense counsel's affirmation) is insufficient to demonstrate a meritorious defense for the Defendant.

14.    Rather than make a full showing, setting forth evidence of facts of the meritorious defense, Defendant's attorney simply makes the general assertion that she has a defense without setting forth what exactly that defense is.  For this reason alone, the Court must not set aside the default.

15.    It should be noted that even Defendant's insurance carrier, Progressive Insurance, has admitted that liability is not at issue in this accident.  Specifically, claims examiner, Keri Lee Carey, from Progressive has set forth that Defendant was fully liable for the accident, but she did not agree with Plaintiff's demand for damages.  Additionally, Progressive already paid for the property damages resulting from this accident to the vehicle that Plaintiff was in.  Moreover, aside from the Plaintiff, there were three other injured people in the same vehicle, including the driver Rosemary Beals, and we have settled those claims prior to bringing the instant action. Progressive did not dispute liability in those claims.  The only thing that Progressive disputes now, through defense counsel, is the Plaintiff's damages.   Thus, Judgment on liability should be granted to Plaintiff and a hearing on damages should be conducted.

16.    Defendant should not be permitted to set aside her clear default, avoid a hearing on damages and now claim she has a meritorious defense without setting forth the evidence of facts which would prove, at trial, that she has a defense to the liability in this matter, simply because her insurance carrier disagrees with the damages in this matter.

17.    Due to the undisputed allegation in the Complaint that the accident was caused wholly and solely by reason of the negligence of the Defendant, without any fault or negligence on the part

of the Plaintiff or any third party contributing thereto, the default by Defendant should not be set aside and a trial on damages should be held.

**DEFENDANT ALSO FAILED TO SHOW A REASONABLE EXCUSE FOR HER DEFAULT AND A LACK OF PREJUDICE TO PLAINTIFF IF THE DEFAULT IS SET ASIDE**

18.    Defendant paints the picture that her default was not "wilful" so it should be set aside. However, the neglect by Defendant, her insurance carrier and counsel can in fact be inferred to be "willful" and the Defendant has failed to show "good cause" for the setting aside of the default.

19.    Defendant failed to show why her Answer was late and her counsel, although apologetic for the default, does not explain the facts behind the failure to timely appear. The conduct of an attorney is imputed to his client and courts have consistently refused to relieve a client of the burdens of a default judgment entered against him due to the mistake or omission of his attorney. *S.E.C. v. McNulty*, 137 F3d 732 (2d Cir. 1998).

20.    The Court of Appeals reviews matters such as these on a very strict abuse of discretion standard and have found that a District Court did not abuse its discretion in declining to grant defendant relief from entry of default where court found that, once served, defendant did nothing, its vice-president simply having "misplaced" suit papers, and that default was product of negligence coming perilously close to willfulness. *General Contracting & Trading Co., LLC v Interpole, Inc.*, 899 F2d 109, 16 FR Serv 3d 174 (1st Cir. 1990).

21.    As admitted by Defendant, her time to answer, move or otherwise appear in the instant action after being served with the Complaint expired on October 18, 2007. However, Defendant filed her Answer on November 16, 2007, although the Answer is dated October 30, 2007. Even if the Court were to hold that the Answer was twelve days late instead of a month late, there was still no

reasonable excuse for the delay by Defendant or her counsel. Simply put, defense counsel merely said that because the Complaint changed hands from Defendant to insurance carrier, it was late, but failed to set forth any facts as to when she actually forwarded it to the insurance carrier and when it was actually assigned to her counsel and why he failed to file it timely.

22.     In this day and age of scanners, fax machines, email, etc., the excuse that the Answer was late because the Complaint was served on Defendant and she sent it to her insurance carrier who assigned an attorney is insufficient to prove a reasonable excuse for the delay.

23.     In addition to failing to have a meritorious defense to liability in this case and failing to give a reasonable excuse for her delay in answering, Defendant has failed to demonstrate a lack of prejudice to the Plaintiff if the default is set aside.  It is respectfully submitted that to set aside the clear default of the Defendant without good reason and who lacks a meritorious defense, would be extremely prejudicial to the Plaintiff because she is very old.  In fact, she is 90 years old and lives by herself in Providence, Rhode Island, with difficulty in getting around.  When liability is not an issue, she should not be forced to endure litigation just because the Defendant's insurance carrier and attorneys disagree with damages.

24.     Notwithstanding the above, the bottom line is that this is a case where the only issue on the merits is how much damages the Plaintiff sustained as a result of the undisputed negligence of the Defendant.  This is why no evidence of the facts was submitted to dispute liability and why the other three claimants were settled out prior to the instant action and why the property damage was already paid by Defendant's insurance carrier.

25.     As per the above, the default of Defendant should not be set aside and a hearing on damages should be conducted, as was previously ordered by the Court.

Dated:          New York, New York
                December 4, 2007

                                              _____/s/ Steven Giordano_____
                                              STEVEN GIORDANO
                                              (SG 8328)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on December 4, 2007, I caused a copy of the within REPLY AFFIRMATION IN SUPPORT OF DEFAULT JUDGMENT to be served by mail upon:

Buratti, Kaplan, McCarthy & McCarthy
Attorneys for Defendant
One Executive Boulevard, Suite 280
Yonkers, New York 10701
(914) 378-3900

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:      New York, New York
            December 4, 2007


                                        _____/s/ Steven Giordano_____
                                        STEVEN GIORDANO
                                        (SG 8328)

8